**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Will Toomey, Individually and obo Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Cold Bore Technology Corp.,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-01579-MDC<br><br>**ORDER GRANTING MOTION TO STAY CASE (ECF NO. 52) AND DENYING STIPULATION FOR EXTENSION OF TIME (ECF NO. 53)** |

Parties filed a *Joint Motion to Stay Case* ("Motion") (ECF No. 52) and *Stipulation for Extension of Time* regarding discovery deadlines in this case ("Stipulation") (ECF No. 53). The Court **GRANTS** the Motion and **DENIES** the Stipulation without prejudice for the reasons below.

**I.　THE JOINT MOTION TO STAY CASE**

The parties ask to stay all proceedings in this case until December 1, 2025. *ECF No. 52*. Parties represent that that have been discussing an early resolution and have a scheduled mediation with an independent third-party mediator on November 17, 2025. *Id.* This is the first request the parties have made to stay all proceedings in this case. *Id.*

It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court considers these factors and finds that a brief stay of these proceedings until December 1, 2025, is appropriate given parties are actively discussing an early resolution in this matter and have a pending mediation with an independent third-party mediator scheduled on November 17, 2025.

## II.  THE STIPULATION TO EXTEND TIME

The parties filed a Stipulation in accordance with a Court's prior Order (ECF No. 51). In the Stipulation, the parties address the Motion and propose alternative discovery plans depending on the outcome of the Motion. While the Court appreciates the parties' efforts, the Court denies the stipulation without prejudice because it is unclear if the case will be resolved because of parties' efforts to find an early resolution. Parties may refile the Stipulation if parties do not resolve the case before December 1, 2025.

## III.  CONCLUSION

The Court grants the Motion and denies the Stipulation without prejudice.

//

//

//

//

//

//

//

ACCORDINGLY,

1. **IT IS ORDERED** that parties' Joint Motion to Stay Case (ECF No. 52) is **GRANTED**. All proceedings in this case are **STAYED** until **December 1, 2025**, at which point the stay shall be automatically lifted.

2. **IT IS FURTHER ORDERED** that parties' *Stipulation for Extension of Time* (ECF No. 53) is **DENIED** without prejudice. Parties may refile the Stipulation if they do not resolve the case before **December 1, 2025**.

3. **IT IS FURTHER ORDERED** that the parties shall file by **December 1, 2025**, a Joint Status Report to apprise the Court of the status of resolution, or, in the alternative, shall file a Proposed Joint Discovery Plan and Scheduling Order to govern the remainder of this case.

DATED: November 13, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge