Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Richard J. (Rex) Burch
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

Michael A. Josephson
Texas State Bar No. 24014780
Andrew W. Dunlap
Texas State Bar No. 24078444
Alyssa White
Texas State Bar No. 24073014
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

*Attorneys for Plaintiff and the Opt-in Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILL TOOMEY, Individually and On Behalf of Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COLD BORE TECHNOLOGY CORP., <br><br> Defendant. | Case No.: 2:24-cv-01579-MDC <br><br> **AMENDED JOINT STIPULATION REGARDING DISMISSAL** |

Plaintiff Will Toomey, individually and on behalf of others similarly situated, and Defendant Cold Bore Technology Corp. ("Cold Bore"), by and through their respective counsels of record, hereby request the Court approve this Amended Joint Stipulation of Dismissal and enter the attached Proposed Order.

### BACKGROUND

1. Toomey filed this lawsuit on August 26, 2024, asserting claims under the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act (NMMWA). Doc. No. 1.

2. On March 7, 2025, the Court entered an Order conditionally certifying Plaintiff's FLSA Collective and authorizing notice to be sent to the collective members. Doc. 31. By the end of the opt-in period, 31 Plaintiffs had filed written consents to join this lawsuit and to be represented by Plaintiff's Counsel. Doc. Nos. 34-43. Thereafter, the Court granted a stay of this matter so the Parties could attend private mediation. Doc. No. 54.

3. Prior to mediation, the Parties informally exchanged documents and information regarding the FLSA collective and the putative class of New Mexico employees. Review of the data revealed that *de minimis* time was worked in New Mexico and that the number of individuals working in New Mexico could not fulfill Rule 23's numerosity requirement.

4. The Parties mediated this matter on November 18, 2025. Based on the data provided for Cold Bore's New Mexico employees, the Parties agreed not to pursue NMMWA class-based claims and focused resolution efforts on the FLSA Collective.

5. Ultimately, the Parties reached a settlement covering Plaintiff Toomey and the 31 Opt-In Plaintiffs who are represented by Plaintiff's Counsel.

6. As part of the settlement, Plaintiffs agreed to dismiss this lawsuit and proceed privately in arbitration. To that end, the Parties filed a stipulation of dismissal without prejudice on November 25, 2025. Doc. 55.

7. On December 1, 2025, the Court entered an Order instructing the Parties to file an amended stipulation addressing whether prior notice of dismissal should be given to class and collective plaintiffs. Doc. 56.

## RULE 41 DISMISSALS ARE EFFECTIVE UPON FILING

8. A notice or stipulation of dismissal under Rule 41(a)(1)(A)(i) and (ii) is self-executing and effective when the notice or stipulation is filed with the court. *See, e.g.*, *Karlsson v. Ewing*, No. CV 14-0420 FMO (EX), 2020 WL 10762224, at *4 (C.D. Cal. June 19,

2020); *Fastlicht v. Rivian, LLC*, No. 25-CV-872-RSH-KSC, 2025 WL 1645591, at *1 (S.D. Cal. June 10, 2025); *Moyer v. Tilton,* No. CIV S–03–1350 FCD DAD P, 2011 WL 590602, at *1 (E.D.Cal. Feb. 10, 2011) ("[T]he parties filed a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) (A)(ii). All of the parties signed the stipulation, and the dismissal was effective upon filing without a court order.").

9. Other Circuits agree with this holding. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) ("A plaintiff's filing in the district court of a stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii) divests the court of its jurisdiction over a case...."); *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406-07 (3d Cir. 2017) ("Every court to have considered the nature of a voluntary dismissal under Rule 41(a)(1)(A)(ii) has come to the conclusion that it is immediately self-executing. No separate entry or order is required to effectuate the dismissal."); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("[A] voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, [and] any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action."); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated dismissals under Rule 41(a)(1)[(A)](ii) is clear that entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."); *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (finding that a stipulation filed pursuant Rule 41(a)(1)(A)(ii) is "self-executing and dismisses the case upon its becoming effective" and that "[d]istrict courts need not and may not take

action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.").

10. The Parties believe that their stipulation of dismissal was effective upon filing and divested the Court of jurisdiction. However, the Parties file this Amended Stipulation in response to the Court's Order regarding notice to the class and collective members.

**NOTICE PRIOR TO DISMISSAL IS NOT NECESSARY**

11. Notice prior to dismissal is not necessary for class or collective plaintiffs.

12. First, notice is not necessary for the New Mexico Class because a class does not exist and no potential class claims for absent New Mexico employees will be released by the settlement. As discussed above, pre-mediation discovery revealed the proposed New Mexico Class did not satisfy numerosity and the Parties agreed to settle FLSA and related NMMWA and other state law claims only for Toomey and the Opt-In Plaintiffs represented by Plaintiff's Counsel.

13. Plaintiff did not move to certify a New Mexico class and the settlement does not release any class claims under the NMMWA. Thus, no absent class members will be bound by this settlement, and all absent New Mexico employees will retain their claims under the NMMWA should they wish to bring a separate lawsuit. *Woodard v. Smith*, No. 3:23-CV-1165-AR, 2024 WL 1993484, at *3 (D. Or. Apr. 2, 2024), *report and recommendation adopted sub nom. Woodard v. Boeing Emp. Credit Union*, No. 3:23-CV-01165-AR, 2024 WL 1999860 (D. Or. May 5, 2024) ("Finally, no class interests are conceded by Woodard's dismissal because no class has been, or is proposed to be, certified in this action. In this context, notice to putative class members of Woodard's voluntary dismissal is unnecessary."). Thus, notice to class members is not necessary.

14. Further, notice of dismissal is not necessary for the FLSA collective members who opted in to this lawsuit and are represented by Plaintiff's Counsel. In collective

- 4 -

actions, a settlement only binds plaintiffs who affirmatively join the lawsuit by opting in. *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). For that reason, potential plaintiffs in an FLSA matter must give their consent in writing, usually after a case has been conditionally certified and notice has gone out to all potential plaintiffs. *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007).

15. This case was conditionally certified on March 7, 2025 (Doc. 31), and Court-authorized notice went out to all potential collective members. Thereafter, a 60-day opt-in period commenced, during which 31 Plaintiffs joined this lawsuit by submitting their written consents to the Court. *See* Docs. 34-43. In those consents, the Opt-In Plaintiffs designated Plaintiff's Counsel as their attorneys and authorized them to negotiate a settlement and resolve claims on their behalf. *Id.* The Parties' settlement covers only those 31 Opt-In Plaintiffs who have consented to being bound by settlement and are represented by Plaintiff's Counsel.

16. In addition to receiving each Opt-In Plaintiff's written consent, Plaintiff's Counsel notified each Opt-In Plaintiff of settlement and dismissal of this matter, as well as next steps. Further notice is not required by the Court.

17. Notice is also unnecessary for collective members who received notice of this lawsuit but chose not to join. Because they are not represented by Plaintiff's Counsel, they are not included in the settlement and they will not release any FLSA claims. Indeed, they could file their own lawsuit against Cold Bore should they choose to do so. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007) ("Potential plaintiffs who do not opt in are not bound by the judgment and may bring a subsequent private action."). "The same due process considerations at the notice stage in a Rule 23 class action are therefore not present at the notice stage in an FLSA collective action." *See Keller v. TD Bank, N.A.*, No. CIV.A. 12-5054, 2014 WL 5591033, at *13 (E.D. Pa.

Nov. 4, 2014) ("As a result, the Court in the FLSA collective action does not serve the same role as the guardian of the absentee class members' rights.").

18. Toomey and the 31 Opt-In Plaintiffs are the only individuals included in the settlement. The settlement does not release any class claims for absent New Mexico employees under the NMMWA, and releases FLSA and related NMMWA and other state law claims **only** for the Opt-In Plaintiffs represented by Plaintiff's Counsel. No absent class or collective members will waive any rights in connection with the settlement, nor will they be prejudiced by dismissal of these claims. Thus, prior notice of settlement is unnecessary.

**<u>ORDER</u>**

IT IS SO ORDERED.

_____

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED:  December 17, 2025

Date: December 15, 2025

Respectfully Submitted,

/s/ *Alyssa J. White*
Esther C. Rodriguez (Bar No. 006473)
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400
Fax: (702) 320-8401
esther@rodriguezlaw.com

Michael A. Josephson
Andrew W. Dunlap
Alyssa White
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

*Counsel for Toomey and the Day Rate Workers*

/s/ *Felicity A. Fowler*
JOSHUA A. SLIKER, ESQ.
JACKSON LEWIS P.C.
Nevada Bar No. 12493
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

MCGINNIS LOCHRIDGE, LLP
FELICITY A. FOWLER, ESQ.
ffowler@mcginnislaw.com
DANIEL R. ATKINSON, ESQ.

datkinson@mcginnislaw.com
500 N. Akard Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 307-6961
Facsimile: (214) 307-6990

*Attorneys for Defendant*
*Cold Bore Technology Corp.*